## BREAZ v. STATE OF INDIANA.

[No. 26,029.   Filed May 3, 1934.]

*George Panea,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Assistant Attorney-General, for the State.

FANSLER, J.—Appellant was convicted of the unlawful possession of intoxicating liquors. He has properly saved a question as to the sufficiency of the evidence, which is the only question presented here.

It appears that appellant operated a soft drink parlor,

in the rear and connected with which were living quarters occupied by himself, wife and daughter, who was about fourteen or fifteen years of age; that there was a push button installed under a front window in the soft drink parlor which operated a buzzer or bell in the living quarters; that at about seven o'clock in the morning two officers went to appellant's place. One entered the front door, and at the same time the other knocked for admittance at the back door. As the officer entered the front door, appellant pushed the button and the officer at the rear heard the buzzer sound in the living quarters. Through a glass in the door he saw appellant's daughter in sleeping clothes run from a bedroom to the kitchen sink, and back to the bedroom, with a two-quart jar. He was admitted by appellant's wife. As he entered the water was running in the sink. He found the wet jar in the bedroom, and both officers testified that it had the odor of moonshine whiskey. No other witness testified as to the odor of the jar. Appellant was the only witness for the defense. He testified to nothing that transpired in the living quarters, and did not deny sounding the buzzer when the officers entered the soft drink parlor.

The court trying the case found this evidence sufficient to convince it of appellant's guilt beyond a reasonable doubt, and we cannot say as a matter of law that it is not sufficient. It might well be reasonably believed from the evidence that the jar contained the intoxicating liquor which was poured out when the buzzer signal was given.

Judgment affirmed.